BK1009574
SAB

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT CLEVELAND

| | |
|---|---|
| IN RE: | Case No. 10-18105 |
| Michael Lee Ramey | Chapter 7<br>Judge Morgenstern-Clarren |
| Debtor | |
| | **MOTION OF U.S. BANK, N.A. SUCCESSOR BY MERGER TO THE LEADER MORTGAGE COMPANY, LLC SUCCESSOR BY MERGER TO THE LEADER MORTGAGE COMPANY FOR RELIEF FROM STAY AND ABANDONMENT 527 STONE VALLEY DRIVE, AMHERST, OH 44001** |

U.S. Bank, N.A. successor by merger to The Leader Mortgage Company, LLC successor by merger to The Leader Mortgage Company (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362, and for abandonment of property under Bankruptcy Code § 554.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On August 13, 2003, Debtor Michael Lee Ramey and the non filing obligor Alice M. Ramey obtained a loan from American Midwest Mortgage Corporation in the amount of $182,056.00. Such loan was evidenced by a promissory note dated August 13, 2003 (the "Note"), a copy of which is attached as Exhibit "A".

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor Michael Lee Ramey and the non filing obligor Alice M. Ramey executed a Security Agreement in favor of American Midwest Mortgage Corporation dated August 13, 2003 (the "Security Agreement"). The Security Agreement granted a lien on 527 Stone Valley Drive Amherst, OH 44001 owned by Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☒ attached as Exhibit "B";

OR

☐ contained in the Note, attached as Exhibit "A".

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

☒ Filing of the Security Agreement in the office of the Lorain County Recorder on August 19, 2003

☐ Filing of the UCC-1 Financing Statement in the office of _____ on <DATE>.

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit "B". Based on the recording date of the subject mortgage, the lien is the First lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is U.S. Bank, N.A. , 800 Moreland Street, Owensboro, KY 42304.

6. The entity servicing the loan is: the Movant.

7. The Note was transferred, as evidenced by the following:

    a. If the Collateral is real estate:

        i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

- [ ] N/A.

OR

- [x] By endorsement on the Note, payable to ___The Leader Mortgage Company___ .

OR

- [ ] By blank endorsement on the Note.

OR

- [ ] By allonge attached to the Note, payable to _____ .

OR

- [ ] By blank allonge, attached to the Note.

OR

- [ ] The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

_____

_____

_____

3

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit "<____>". Explain why it provides Movant the authority to endorse the Note:

_____

_____

_____

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from The Leader Mortgage Company:

☒ By blank endorsement on the Note.

iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated August 23, 2010 in the Lorain County Clerk of Common Pleas. A copy of the judgment is attached at Exhibit "F".

iv. Other_____ [explain].

b. If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ From the original lender, mortgagee, or mortgagee's nominee on August 29, 2003 to The Leader Mortgage Co.. The transfer is evidenced by the document(s) attached to this Motion as Exhibit "C".

4

☒ on On December 31, 1998, a Certificate of Merger of The Leader Mortgage Company into The Leader Mortgage Company LLC was recorded in the State of Ohio. The transfer is evidenced by the document(s) attached to this Motion as Exhibit "D".

☒ on On June 1, 2004, a Certificate of Merger of The Leader Mortgage Company, LLC into U.S. Bank, N.A. was recorded in the State of Ohio. The transfer is evidenced by the document(s) attached to this Motion as Exhibit "E".

9. The value of the Collateral is $167,000.00. This valuation is based on Debtor's Schedules.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $178,601.54, plus interest accruing thereon at the rate of 5.25% per annum [$23.83 per day] from September 25, 2010, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant.
The amount of the credit is $ N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☐ N/A.

☒ The Lorain County Treasurer, for real estate taxes, in the amount of unknown.

☒ Interested Party, Alice M. Ramey.

☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

5

☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: ___<EXPLAIN>_____.

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

☒ Debtor has failed to make periodic payments to Movant for the months of May 2009, June 2009, July 2009, August 2009, September 2009, October 2009, November 2009, December 2009, January 2010, February 2010, March 2010, April 2010, May 2010, June 2010, July 2010, August 2010 and September 2010, which unpaid payments are in the aggregate amount of $23,214.86 through September 24, 2010. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

☒ Debtor has no equity in the Collateral, because the Collateral is valued at $167,000.00, and including the Movant's lien, there are liens in an aggregate amount of $178,601.54 on the Collateral.

☐ Other cause (set forth with specificity):_____

14. Movant has completed the worksheet, attached as Exhibit "G".

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

☐ The Collateral is burdensome to the estate because _____.

☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

6

WHEREFORE, Movant prays for an order from the Court:

    a)    granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law.

    b)    authorizing and directing the Chapter 7 Trustee to abandon the collateral under Bankruptcy Code § 554.

Respectfully submitted,

/s/ Edward J. Boll III
Edward J. Boll III
Bar Registration #0072982
(513) 241-3100 x-3202

LERNER, SAMPSON & ROTHFUSS
Romi T. Fox, Attorney
Bar Registration No. 0037174
Attorneys for Movant
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com

7

10-18105-pmc    Doc 15    FILED 10/04/10    ENTERED 10/04/10 16:52:57    Page 7 of 8

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 04, 2010, a true and correct copy of the foregoing Motion of U.S. Bank, N.A. successor by merger to The Leader Mortgage Company, LLC successor by merger to The Leader Mortgage Company for Relief from Stay and Abandonment was served via Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

William J Balena, Esq., - Attorney for Debtor

Office of the U.S. Trustee

Alan J. Treinish, - Trustee

and by regular U.S. mail, postage prepaid, to:

Alice M. Ramey
495 North Main Street
Amherst, OH 44001

Lorain County Treasurer
226 Middle Avenue
Elyria, OH 44035

Michael Lee Ramey
527 Stone Valley Drive
Amherst, OH 44001

/s/ Edward J. Boll III
Edward J. Boll III
Bar Registration #0072982
(513) 241-3100 x-3202

LERNER, SAMPSON & ROTHFUSS
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com

8